In re Robert A. FELBURG and Norma Felburg, Debtors.

SILVER LAKES ASSOCIATION, a California, non-profit corporation, Plaintiff,

v.

Robert A. and Norma FELBURG, Defendants.

In re ADAMS CANYON DEVELOPMENT CORP., a California corporation, Debtor.

SILVER LAKES ASSOCIATION, a California non-profit corporation, Plaintiff,

v.

ADAMS CANYON DEVELOPMENT CORP., a California corporation, Defendants.

Bankruptcy Nos. LA 81–16282–CA, LA 82–11400–CA.

Adv. Nos. LA 83–5519–CA, LA 83–5638–CA.

United States Bankruptcy Court, C.D. California.

May 21, 1984.

---

Michael D. Davis, Caldwell & Hansen, Victorville, Cal., for creditors, Silver Lakes Ass'n.

Robert A. Greenfield, Stutman, Treister & Glatt, Los Angeles, Cal., for debtors in possession.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

### BACKGROUND

Silver Lakes Association asked relief from the automatic stay to collect overdue association fees from the debtors. The fees were assessed pursuant to the Declaration of Covenants and Restrictions of Silver Lakes resort community. The association alleged that it was providing maintenance, security and improvement services to the resort community, and that the debtors as owners of parcels in the resort were not paying their share of the services. The association also alleged that if relief was not granted, it would have difficulty in providing further services to the resort.

At a pre-trial hearing on the complaint of the association I ruled that the assessments due the association were entitled to administrative priority pursuant to Section 503(b)(1)(A). The attorneys for the debtor asked leave to submit post hearing briefs to discuss the priority issue further. A memorandum of decision was entered on July 29, 1983 and an order based upon the memorandum was entered October 7, 1983. The debtors filed a timely request for reconsideration of the memorandum and order.

### DISPOSITION

The motion for reconsideration is granted and the order entered October 7, 1983 is vacated.

### FACTS

Robert A. Felburg and Adams Canyon Development Corporation are debtors and debtors in possession. Each debtor owns an unimproved parcel of real property in the Silver Lakes resort community. The association was created by and is operated pursuant to a set of deed restrictions which is recorded in the land records of San Bernardino County, California. The deed restrictions are designated as the Declaration of Covenants and Restrictions of Silver Lakes (CC & R).

Pursuant to the CC & R, the association operates and maintains two lakes of a combined surface area of 288 acres; a 210 acre 27 hole golf course with driving range, clubhouse and appurtenances; a main recreation center consisting of a pool, tennis courts, paddleboard courts, restaurant facilities, and other amenities; a six acre equestrian center with barns, rings and trails; a 32 acre wildlife preserve and park; and various other park and recreational facilities. The association provides by means of an Environmental Control Committee quality and aesthetic control of the construction and the maintenance of improvements at the facilities. The association provides 24 hour security, fire protection, public facilities, maintenance and upkeep.

The association is funded by means of assessments against each parcel of real property at the development. The lots owned by Felburg and Adams Canyon, being Lot 2 of Tract 8314, and Lot 288 of Tract 8316, respectively, are also assessed. As of June 20, 1983 Lot 2 was delinquent in the approximate amount of $12,650; and Lot 288 was delinquent in the approximate amount of $110,000. Assessments continue to accrue.

The association has filed and duly recorded liens for delinquent assessments, together with interest, costs and attorneys fees against each of the lots. The association's liens are second only to purchase money deeds of trust on the lots. The association has stipulated that its right is adequately

protected by the equity cushion in the property. The association contends that its operation budget cannot afford the continued failure and refusal to pay the assessments as they become due.

The association is required to perform certain duties and furnish certain services to the members of the association. It seems obvious that various members partake of these services differently. The association furnishes, and could not refuse to furnish to Felburg and Adams Canyon, the following benefits:

1. Protection of their properties by 24 hour security which protection includes fire and police type security.

2. The saleability of the debtors' two parcels of property is increased because of the amenities and facilities maintained by the association at the development.

3. The debtors are entitled to the use, enjoyment, and benefit of the common areas and community facilities at the development. Their guests are entitled to these privileges also.

4. The architectural control of the planned community increases the fair market value of the property.

## DISCUSSION

It is not necessary to evaluate the services furnished to the debtors because of my conclusion that the assessments need not be paid on a current basis even prospectively. The association agrees that its right to payment is adequately protected by the equity cushion in the property. The only question is when the association will get paid. Because the debtor agrees that the assessments are secured by the lien on the property payment will occur upon sale of the property.

The assessments are determined and levied pursuant to a formula in the CC & R. The debtors suggest that the "Association could cut its costs by 1½ of 1 percent or could increase assessments to other homeowners by a similar *de minimis* percentage." The association must meet its cash needs which in part will arise from the non-payment of assessments by some homeowners. The association is empow-

ered by the CC & R to include in its periodic assessments reasonable provision for contingencies. One contingency is that some homeowners will not pay their assessments on a current basis. The association is also empowered to levy a further assessment if at any time during any fiscal year the general assessment proves to be inadequate. In either event, the assessment would be levied equally against all property owners. Any unpaid increased assessments would also become liens upon the property of the debtors.

It is a business decision of the association to meet the needs of its operating budget to cover the cash requirements occasioned by unpaid assessments.

For the reason that the equity in the property adequately protects the interest of the lien of the association, it is not necessary to determine whether or the extent to which the assessments are entitled to administrative priority.

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate order will be entered.